UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
WILLIAM F. HARBOUR,             :        CASE NO.      1:06-CR-374
                                            :                          1:11-CV-1971
                Petitioner,            :
                                            :
        v.                                :        OPINION & ORDER
                                            :        [Resolving Docs. No. 77, 79, 80]
UNITED STATES OF AMERICA,     :
                                            :
                Respondent.          :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Defendant William F. Harbour asks this Court to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255.  [Doc. 77.]  A jury convicted Harbour of possession and attempted

receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252(a)(2).  [Doc.

44.]  Harbour asserts that this conviction resulted from ineffective assistance of counsel.  Because

Harbour cannot show that but for counsel's performance the result at trial would have been different,

the Court **DENIES** his motion.

## I. Background

        The Court of Appeals summarized in greater detail the facts relevant to this case, but the

Court here recounts the relevant portions for context.  *See United States v. Harbour*, 417 Fed. Appx.

507 (2011).  A grand jury indicted Harbour for attempted receipt of child pornography and for

possession of child pornography.  [Doc. 1.]  The evidence supporting the attempted receipt charge

included blank DVDs labeled as child pornography, ordered by Harbour through the mail in a sting

Case No. 1:06-CR-374
Gwin, J.

operation. [Doc. 72-1, at 6.]  The evidence supporting the possession charge included images in the temporary files and unallocated space of Harbour's computer.  [Doc. 73, at 247-53.]

This Court appointed attorney David Jack to represent Harbour on August 22, 2006. [Doc. 65, at 2.]  On September 22, 2006, the Court granted Harbour a continuance to review evidence setting October 23, 2006 as the trial date.  [Doc. 12.]  Following a status conference on October 12, 2006, the Court moved the trial date to October 18, 2006 to accommodate another matter, without objection from Defense counsel.  [Doc. 17; Doc. 69.]  On October 16, 2006, two days before trial, Harbour informed his counsel and the Court that he had retained new counsel that morning and was seeking a continuance.  [Doc. 71 at 2–4.]  The Court denied Harbour's oral request for a continuance and ordered Mr. Harbour's appointed counsel to continue to assist the newly retained counsel with preparations for the trial.  [*Id.* at 2-3.]  Harbour's new counsel then filed a written motion for a continuance, which the Court granted, noting that no further continuances would be granted.. [Docs. 22, 25.]  Nonetheless, Harbour's defense team requested two further continuances.  [Docs. 30, 37, 72 at 8.]  The court denied these requests, citing the statutory speedy-trial deadline.  [Docs. 31, 40, 72 at 8-9.]

The jury returned guilty verdicts on both the receipt and the possession counts, [Doc. 44,] and the Court sentenced Harbour to seventy months of imprisonment and five years of supervised release.  [Doc. 70 at 13.]  On direct appeal, Harbour argued that the denial of a continuance was prejudicial error and an abuse of discretion.  [Doc. 75 at 3-8.]  The Sixth Circuit disagreed, holding that Harbour received ample time to prepare for trial.  *Harbour*, 417 F. App'x at 514 (citing *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir. 1984)).  Moreover, the Sixth Circuit found Harbour's appeal" strikingly bereft of an explanation as to what counsel would have done differently had the

Case No. 1:06-CR-374
Gwin, J.

district court granted a continuance." *Id.*

Harbour filed a timely § 2255 petition on September 19, 2011.[1/]  [Doc. 77.]  His arguments

mirror those of his direct appeal.  He says that Jack made unilateral, unreasonable decisions that left

his new attorneys unable to prepare for trial, and that the Court's denial of a continuance further

rendered those lawyers ineffective.  [Doc. 77 at 5, 8.]  He says that with more time to prepare for

trial, his attorneys might have been able to show that the images found on his computer were not

child pornography within the meaning of the statute.  *Id.* at 8.

## II. Legal Standard

United States Code Title 28, Section 2255 gives a federal prisoner post-conviction means of

collaterally attacking a conviction or sentence that violates federal law.  *See In re Gregory*, 181 F.3d

713, 714 (6th Cir. 1999).  Section 2255 provides four grounds to challenge a conviction or sentence:

"(1) The sentence violates the Constitution or laws of the United States; (2) the court lacked

jurisdiction to impose such sentence; (3) the sentence exceeded the maximum authorized by law; or

(4) that the sentence is otherwise subject to collateral attack."  28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an

error of constitutional magnitude which had a substantial and injurious effect or influence on the

proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v.

Abrahamson*, 507 U.S. 619, 637-38 (1993)).  A § 2255 motion alleging a non-constitutional error

must establish a "fundamental defect which inherently results in a complete miscarriage of justice,

or, an error so egregious that it amounts to a violation of due process."  *United States v. Ferguson*,

---

[1/] Harbour's release from custody, [Doc. 81], does not moot this action.  He remains under supervision, and his felony conviction carries enduring consequences.  *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (writ of habeas corpus available to anyone under "conditions which significantly confine and restrain his freedom").

Case No. 1:06-CR-374
Gwin, J.

918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)) (internal

quotation marks removed).  The Court may summarily deny a motion to vacate if it plainly appears

from the face of the motion and any annexed exhibits that the movant is not entitled to relief.  *Smith*

*v. United States*, 348 F.3d 545, 550 (6th Cir. 2003).

As a general rule, a habeas petitioner may not seek to relitigate an argument raised

unsuccessfully on direct appeal, or raise an argument that he could have but did not raise on direct

appeal.  *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *see also Peveler v. United*

*States*, 269 F.3d 693, 698 (6th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

An ineffective assistance of counsel claim, however, is not subject to this rule and may be raised in

a § 2255 motion whether or not the petitioner could have raised the claim on direct appeal.  *Id.*

To show ineffective assistance of counsel, a convicted party must establish both "(1) that

counsel's performance fell below an objective standard of reasonableness, and (2) that there is a

reasonable probability that, but for that deficiency, the outcome of the proceeding would have been

different."  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  A "reasonable probability is a

probability sufficient to undermine confidence in the outcome."  *Id.*

### III.  Discussion

Harbour's motion raises four grounds for habeas relief, all framed as ineffective assistance

of counsel.  First, he says attorney Jack failed to explore potential challenges to the computer

evidence.  Second, he says that the Court violated his right to effective assistance of counsel by

instructing Jack to continue to assist Harbour's newly-retained counsel after Harbour fired him.

Third, he says that the replacement defense team lacked adequate time to prepare for trial.  Finally,

he says that his appellate attorney miscommunicated with Harbour and/or the appeals court.  [Doc.

Case No. 1:06-CR-374
Gwin, J.

77.]

Although Harbour disputes his conviction for attempted receipt of child pornography, [Doc. 80, at 10], his legal arguments all attack his possession conviction.  Accordingly , the Court denies relief from Harbour's receipt conviction.  Still, the Sentencing Guidelines require grouping child-pornography charges and adding enhancements from all counts.  U.S.S.G. § 3D1.2 (d) (2003). Hence an acquittal on the possession charges would implicate a lower guideline range, a shorter sentence, and earlier relief from supervised release.  Accordingly the Court addresses Harbour's attack on his possession conviction.

### A.  Attorney Jack's Alleged Failure to Retain an Expert and Scrutinize Evidence

Harbour first says that Attorney Jack was generally ineffective, and especially so in deciding not to retain an expert to examine the digital evidence.  [Doc. 77 at 5–6.]  Harbour contends that a computer expert would have found some unspecified way to challenge the digital images on his computer; he contends that Jack unilaterally cancelled plans to retain such an expert.  [Doc. 77 at 5.] The Government counters that even if this choice was unreasonable, the claim cannot overcome *Strickland*'s prejudice prong.  [Doc. 79 at 13.]

The Court agrees with the Government.  Harbour does not show evidence that a computer expert gives the opinion that the digital images in Harbour's possession were not child pornography or what theory would support such an opinion.  Harbour does not contest that the images found on his computer depicted actual children; nor does he maintain that they pre-dated his possession of the computer.  [Doc. 77 at 5.]  Absent a legal theory of how the expert's assistance would have altered the result at trial, Harbour cannot satisfy *Strickland*'s prejudice prong.   The determination of whether an image qualifies as child pornography under 18 U.S.C. § 2256(8)(B) is the province of

Case No. 1:06-CR-374
Gwin, J.

the jury.  *See United States v. Berringer*, 601 F. Supp. 2d 976, 979 (N.D. Ohio 2008) (citing *United States v. Halter*, 259 F. App'x 738, 741 (6th Cir. 2008)).[2]  Here, the jury examined the images and found them to be child pornography.  Harbour has identified no attorney errors that cast doubt on the reliability of this determination.  Accordingly, his claim of ineffective assistance fails.  *See Strickland*, 466 U.S. at 687.

### B.  The Court's Order that Attorney Jack to Support New Counsel

Harbour next says that the Court violated his right to choose his own attorney when it ordered Jack to assist his new defense team.  [Doc. 77 at 6.]  The Court cannot discern whether Harbour means to lodge a separate ineffective assistance of counsel claim or to claim a violation of an independent right[3] to choose his own attorney.  Either way, his claim fails.  Insofar as Harbour suggests he was denied the right to choose his own counsel, this argument was available on appeal and therefore is forfeited.  *See Jones*, 178 F.3d at 796.  On the other hand, Harbour may assert that Jack's presence rendered the defense team ineffective as a whole.  Aside from colorful analogy— Harbour compares his defense team to "a tricycle with a flat tire," [Doc. 80 at 7]—Harbour has no theory of how Jack's presence at trial adversely affected the outcome, nor, indeed, does he show that it had any effect at all.  Absent such a showing, Harbour cannot satisfy *Strickland*'s prejudice requirement.

### C.  Failure to Gain Further Continuances

Third, Harbour asserts again, as he did on appeal, that the Court abused its discretion by

---

[2] Harbour does not suggest a defect in the jury instructions, nor could he now.

[3] There is a right to choose one's own attorney, but it "is not absolute; it must be balanced against the court's authority to control its own docket."  *United States v. Krzyske*, 836 F.2d 1013, 1017 (6th Cir. 1988).

Case No. 1:06-CR-374
Gwin, J.

denying him further continuances after he replaced his defense team.  [Doc. 77, at 8-9.]  He says these denials "prejudic[ed his] defense."  [Doc. 77, at 8-9.]  According to Harbour, the Court should revisit its earlier decisions for habeas purposes, because they caused his attorneys to commit errors. But a claim of prejudicial error by the Court cannot be revived under the guise of ineffective assistance of counsel.  *See Paull v. United States*, No. 10-cv-2060, 2011 WL 2494114, at *2 (N.D. Ohio June 22, 2011) (citing *DuPont v. United States*, 76 F.3d 108, 111 (6th Cir. 1996)).  The Sixth Circuit considered and rejected the denied-continuance argument on direct appeal.  *Harbour*, 417 F. App'x at 514.  Accordingly, it cannot succeed here.  *See Jones,* 178 F.3d at 796.

Even generously framed as an ineffective assistance of counsel claim,, Harbour's argument fails *Strickland*'s prejudice requirement.  Harbour says that with more time , his new attorneys would have been able to "cross-examine" the images from his computer.  [Doc. 70, at 9.]  Again, without an explanation of what this effort might have entailed, Harbour cannot satisfy *Strickland*'s prejudice prong.  *See Strickland,* 466 U.S. at 687; *see also United States v. Lewis*, 605 F.3d 395, 401 (6th Cir. 2010) (dismissing habeas challenge to child-pornography conviction for lack of demonstrated prejudice from denied continuance).

### 4.  Ineffective Appellate Counsel

Finally, Harbour claims that his appellate attorney ineffectively presented his appellate arguments, because appellate counsel did not persuade the Sixth Circuit that a continuance could have led to a better outcome at trial.  [Doc. 77, at 8]  But simple failure of an appeal does not constitute ineffective assistance of counsel.  And Harbour here presents no legal or factual theory that calls into question the jury's determination that the images he possessed were, in fact, child pornography.  Accordingly this claim fails both *Strickland* prongs.

Case No. 1:06-CR-374
Gwin, J.

### IV. Conclusion

Because the record establishes that Harbour is entitled to no relief, the Court **DENIES** the

motion to vacate his conviction. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that

an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue

a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: October 18, 2012                          s/       *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE